## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAQUEL MATA, Individually and as Mother
and Next Friend of Minors Juan Alejandro
Guevara, Jr., a minor, and Anna Paola Guevara,
a minor, and as Personal Representative of the
Estate of Juan Alejandro Guevara, Deceased,

                Plaintiff,

    vs.                                     CIV 09-0015 LAM/KBM

MANAGEMENT & TRAINING CORPORATION
and PHYSICIANS NETWORK ASSOCIATION,
LLC, d/b/a PNA OF TEXAS I LTD.,

            Defendants.

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Raquel Mata, individually and as Mother and Next Friend of Juan Alejandro

Guevara, a minor, and Anna Paola Guevara, a minor; and as personal representative of the Estate of

Juan Alejandro Guevara, deceased (hereinafter called "Plaintiff"), complaining of Defendant

Management & Training Corporation (hereinafter called "Defendant MTC" or "MTC") and of

Defendant Physicians Network Association, d/b/a PNA of Texas I, Ltd. (hereinafter called

"Defendant PNA" or "PNA"), and for her cause of action would show the Court as the following:

    1.      Plaintiff resides in Dona Ana County, New Mexico.

    2.      Defendant Management & Training Corporation is a foreign for profit corporation

authorized to do business in the Sate of New Mexico and may be served with process by serving its

registered agent, C.T. Corporation System, or any other authorized officer of agent therein at 123

East Marcy, Suite 201, Santa Fe, New Mexico 87501 and/or wherever they may be found.

    3.      Defendant Physicians Network Association, LLC, d/b/a PNA of Texas I, Ltd., is a

foreign for profit professional corporation authorized to do business in the State of New Mexico and

may be served with process by serving its registered agent, Maddox & Holloman, P.C., 205 E. Bender, Ste. 150, Hobbs, NM 88240 and/or wherever it may be found.

4.     Plaintiff Raquel Mata is the wife of Juan Alejandro Guevara ("Guevara"), deceased, and brings this action in her individual capacity and as mother and next friend of Juan Alejandro Guevara, Jr., and Anna Paola Guevara, the minor children of Guevara, and as personal representative of the Estate of Juan Alejandro Guevara.  Plaintiff Rachel Mata brings this action for the wrongful death of her husband and as mother and next friend of Juan Alejandro Guevara, Jr., and Anna Paola Guevara, minor children of Guevara, pursuant to §41-4-1 *et seq.* of the New Mexico Statutes Annotated and under common law.

### STATEMENT OF THE CASE

5.     On or about July 13, 2007, Guevara (age 21) was placed under the custody of the U.S. Immigration Department.  Guevara was transferred to the Otero County Detention Center owned and operated by Defendant MTC.  Guevara, a legal permanent resident alien, was awaiting a deportation hearing scheduled for August 15, 2007.  Decedent, while under the custody of the U.S. Immigration Department and detained at the Defendant's jail, was under the exclusive care, custody and control of Defendant MTC.  Because Defendant MTC controlled Guevara's movement and access, Guevara had to rely on Defendant MTC for providing adequate medical care for his safety and welfare.

6.     Defendant MTC had a duty to furnish Guevara adequate medical care for his safety and welfare.

7.     On information and belief, at all times material, Defendant MTC subcontracted medical care of persons in its care and custody to Defendant PNA.

8.     Guevara became sick at Defendant MTC's facility, complaining to prison staff

2

officers and PNA medical personnel of headaches and neck pain.  Defendants MTC and PNA had actual knowledge of Guevara's headaches, neck pain and deteriorating health condition.

9.      Defendants MTC and PNA had little or no qualified medical staff available to access, diagnose, and treat Guevara's serious health condition.  Instead of referring him to a hospital or to a neurologist, Defendants MTC and PNA kept him at Defendant's jail.  Defendants delayed necessary medical care to Decedent.  Decedent was not taken to the hospital until August 12, 2007.  Decedent Guevara died on August 13, 2007.

10.      Defendants MTC and PNA were negligent in their administration of necessary medical care to Guevara and failing to timely bring Decedent to a hospital where his medical condition could be treated by competent medical personnel.  Decedent Guevara died as a result of Defendants MTC's and PNA's negligence.

## COUNT ONE

11.      **Negligence**.  Defendants and their employees, in the course and scope of their employment, were negligent when providing medication and medical care to Decedent Juan Alejandro Guevara even though they were requested to do so.  Defendants and their employees, in the course and scope of their employment, were negligent in failing to timely take Decedent Guevara to a hospital where his medical condition could be treated by competent medical personnel.  Defendants' negligence was a proximate cause of Decedent Guevara's death.

12.      As a direct result of Defendants' negligence, Decedent Guevara and his estate were damaged.  Decedent Guevara suffered damages, including but not limited to:

   a. Hedonic damages;

   b. Physical pain and mental anguish;

    c.        Disfigurement;

    d.        Loss of earning capacity;

    e.        Physical impairment;

    f.        Bodily injuries;

    g.        Conscious pain, suffering and excruciating physical agony prior to death;

    h.        Medical, hospital and nursing expenses; and

    i.        Funeral expenses.

13.     As a direct and proximate result of the negligent acts and omissions of Defendants, Plaintiff Raquel Mata has sustained injury and damages as a result of the wrongful death of Juan Alejandro Guevara, including but not limited to the following:

    a.        Estate damages, pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;

    b.        Loss of Decedent's, society and companionship, love, affection, comfort, protection and attention;

    c.        Loss of inheritance, gifts, benefits, and other valuable gratuities;

    d.        Loss of household services;

    e.        Loss of consortium; and

    f.        Mental anguish.

14.     As a direct and proximate result of the negligent acts and omissions of Defendants, Plaintiffs Juan Alejandro Guevara, Jr. and Anna Paola Guevara have sustained injury and damages as a result of the wrongful death of their father Juan Alejandro Guevara, including but not limited to the following:

4

    a.      Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;

    b.      Loss of Decedent's consortium, society and companionship, love, affection, comfort, protection and attention; and

    c.      Loss of inheritance, gifts, benefits and other valuable gratuities.

15.    The acts and omissions of the Defendants were in reckless disregard for the safety of Guevara and showed actual conscious indifference and deliberate conscious disregard for the safety of Guevara so as to constitute willful, wanton, reckless and malicious conduct being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff's decedent for which the Plaintiff is entitled to punitive damages against each of the Defendants.

16.    Plaintiff requests trial by jury.

WHEREFORE, Plaintiff requests the Court grant judgment for her and against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of the suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

SCHERR & LEGATE, PLLC
James F. Scherr
Joseph Isaac
109 North Oregon, 12th Floor
El Paso, TX 79901
(915) 544-0100
(915) 532-1759 (fax)
JamesScherr@slelaw.com
Jisaac@slelaw.com

  _Electronically signed_          
Philip B. Davis
814 Marquette Avenue, NW
Albuquerque, NM 87102
(505) 242-1904
(505) 242-1864 (fax)
davisp@swcp.com

Attorneys for Plaintiff Raquel Mata

I HEREBY CERTIFY that a true copy of the foregoing pleading was caused to be emailed to all counsel of record through the CM/ECF system this 3rd day of April, 2009.


  _Filed Electronically_                          
Philip B. Davis

(C:\CF\MATA - GUEVARA\FAC.040309.wp)